THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charles Ray
 Carter, Appellant,
v.
South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From Richland County
 J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2011-UP-490
Submitted November 1, 2011  Filed
 November 3, 2011   

AFFIRMED

 
 
 
Charles Ray Carter, pro se.
Daniel R. Settana, Jr. and Erin M. Farrell, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Charles Ray Carter appeals the dismissal with prejudice of his civil complaint
 against the Department of Corrections (the Department) for (1) violating the
 South Carolina Tort Claims Act, S.C. Code
 Ann. §§ 15-78-10 to -220 (2005), and (2) violating his rights by modifying,
 altering, or amending his sentence after the term of court ended, arguing the circuit court erred in granting
 the Department's motion for summary judgment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 56(c),
 SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the
 pleadings, depositions, answers to interrogatories, and admissions on file,
 together with the affidavits, if any, show that there is no genuine issue as to
 any material fact and that the moving party is entitled to a judgment as a
 matter of law."); State v. Bennett, 375 S.C. 165, 174, 650 S.E.2d
 490, 495 (Ct. App. 2007) ("Because the South
 Carolina Code of Laws is the controlling authority for classifications,
 definitions and penalties for criminal offenses, a statute listed on a
 sentencing sheet, and not a CDR
 code, will dictate a criminal's sentence."); S.C. Code Ann. §
 15-78-100(a) (2005) (Stating all actions initiated under the S.C. Tort Claims
 Act must be commenced "within two years after the loss was or should have
 been discovered").    
AFFIRMED.
WILLIAMS and
 GEATHERS, JJ., and CURETON, A.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.